THE STATE, AMOS GIBBS, PROSECUTOR, v. THE TOWNSHIP COMMITTEE OF NORTHAMPTON TOWNSHIP, DEFENDANTS.

1. An enacting clause cannot extend the operation of the statute beyond the objects expressed in its title. *Dobbins* v. *Northampton*, 21 *Vroom* 496.
2. Where words employed in the title of an act have no legal or other fixed meaning, the body of the act may be looked to in determining the sense in which words are employed in title.
3. *Held*, that "An act to provide for drainage and sewage in densely populated townships in which there is a public water supply," is not limited to townships in which the ownership of the plant which supplies the water is in the public, a more reasonable construction being, that it applies wherever the supply of water is available for the public use in question.

On *certiorari*.

Argued at February Term, 1890, before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *Walter A. Barrows*.

For the defendants, *F. B. Levis*.

The opinion of the court was delivered by

GARRISON, J.   This *certiorari* brings up an order of the Circuit Court of Burlington county, made on the 13th day of October, 1888, by which commissioners were appointed to make an assessment for benefits for sewers laid in Northampton township, under the provision of the act " to provide for drainage and sewage in densely populated townships in which there is a public water supply," approved March 4th, 1884 (*Pamph. L., p.* 32), and the various supplements.

The chief ground of attack is, that in Northampton township there is no public water supply.

By the statement of facts annexed to the return it is agreed that the mains of the Mount Holly Water Company are laid

through the streets of Mount Holly, which town is identical with the township of Northampton, and that the water supplied by this company is used by the township for flushing its sewer pipes. The owner of the water works is a private corporation, and the contention now advanced is, that the act in question, by its title, has reference only to townships in which the water which constitutes the public supply is owned and controlled by a municipal corporation. The language of the title, while it possibly admits of such an interpretation, certainly does not compel it. "A public water supply" may mean either water supplied from a plant owned by the public, or it may mean a water supply available for public purposes. The objects sought by the act under consideration require for their successful operation a supply of water available for the public uses in question. Whether the capital embarked in the enterprise which supplies the water be private or public, seems to me to be without significance. Water, if it can be obtained for flushing the public sewers, will tend to the successful operation of the objects intended to be secured by the statute, without reference to the ownership of the plant. That water can and is so obtained for this public use by Northampton township, is one of the admitted facts in this case. All doubts as to the sense in which the words "public water supply" are employed in the title of the act, are removed by the first section of the act itself. It is there declared that the townships referred to are those "in which a supply of water for public and domestic use is furnished, or shall be furnished, from water works." It is admitted that the quotation just given is conclusive upon the meaning of the title, but it is contended that the enacting clauses of a statute cannot be looked to for this purpose.

For this position *Dobbins* v. *Northampton*, 21 *Vroom* 496, is relied upon. The case is, however, not in point. In Dobbins v. Northampton it was held that the enacting clauses cannot extend the operation of a statute beyond the objects expressed in its title, a very different proposition from that now before us. What is sought in the present case is not to

extend the operation of this act to a class of objects not expressed in its title, but to determine whether the language of the title, fairly construed, includes the township in question. This calls for an application of the ordinary principles of statutory construction. That courts, in construing any portion of a statute, may refer to the act as a whole, is an elemental proposition. Thus, in *Allaire* v. *Howell Works*, 2 *Green* 21, the act before the court was "An act to prohibit the circulating or passing of tickets." In his opinion, Hornblower, C. J., said : " What the legislature mean by the word "*tickets*" must be matter of construction, and be gathered from the terms employed in the act, for the word "*tickets*" has no legal or other fixed and determinate meaning."

To consult the terms of a statute for the purpose of ascertaining the sense in which words are employed in the title, is a radically different thing from extending the operation of the statute to matters not within the scope of its title. If the natural meaning of the words employed in the title of an act, fairly construed, give the requisite notification of the contents and scope of the enactment, the constitutional requirement is satisfied. In the present case the township of Northampton is clearly within the operation of the act thus construed.

A further reason urged against the validity of the proceedings in question is, that the improvement was not originally ordained by the township committee, but was inaugurated by a resolution of the town meeting. As the resolution thus passed recited the act in question, by which entire authority is vested in the township committee, the township committee, by proceeding under the resolution, must be presumed to have ratified the action of the town meeting. That the work was originated by resolution instead of by ordinance, comes too late after the total completion of the work. *Hoboken Land Co.* v. *Hoboken*, 7 *Vroom* 291.

The writ of *certiorari* must be dismissed, with costs.